Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 08, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROLANDO M. ZBIKOWSKI,<br><br>Defendant. | Case No. 2:20-CR-00186-RMP<br><br>Plea Agreement |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, and the Defendant, Rolando M. Zbikowski, and the Defendant's counsel, Christina Wong, agree to the following Plea Agreement:

1)   <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, Rolando M. Zbikowski, agrees to plead guilty to Count 5 of the Superseding Indictment filed on April 14, 2021, charging the Defendant with Misappropriation of Postal Funds, in violation of 18 U.S.C. § 1711. The Defendant understands that this charge is a Class A Misdemeanor. The Defendant further understands that the maximum statutory penalty for Misappropriation of Postal Funds, in violation of 18 U.S.C. § 1711, is not more than one year imprisonment; a fine not to

Plea Agreement - 1

exceed $100,000; a term of supervised release of not more than one year; the payment of restitution; and a $25 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

The Defendant understands that, if the Court imposes probation, it cannot be more than a five (5) year term. 18 U.S.C. § 3561.

The Defendant understands that a violation of a condition of probation can result in the Court continuing probation, with or without extending the term or modifying the conditions, or in the Court revoking probation and imposing any sentence that initially could have been imposed up to the maximum statutory penalties acknowledged above. The Defendant further understands that revocation of probation may be required by statute or the United States Sentencing Guidelines (hereinafter "USSG") for certain violations. 18 U.S.C. § 3565; USSG § 7B1.3. The Defendant further understands that any sentence following the revocation of probation shall be without credit for time previously served on probation. USSG § 7B1.5.

2)    <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing

Plea Agreement - 2

guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3) <u>Effect on Immigration Status</u>:

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is not a citizen of the United States, no one, including his attorney or the district court, can predict with absolute certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is not a United States citizen.

4) <u>Waiver of Constitutional Rights</u>:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a) The right to a jury trial;
b) The right to see, hear and question the witnesses;
c) The right to remain silent at trial;
d) The right to testify at trial; and
e) The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and

Plea Agreement - 3

any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5)      Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Misappropriation of Postal Funds, in violation of 18 U.S.C. § 1711, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about October 3, 2019, in the Eastern District of Washington, the Defendant, Rolando M. Zbikowski, knowingly and intentionally used and converted to his own personal use, without authorization of law, postal funds of $1,000 or less;

*Second*, at the time he converted the funds to his own personal use, the Defendant was working as an officer or employee of the United States Postal Service; and

*Third*, the funds that the Defendant converted to his own personal use had come into his hands as a result of and were under his control in the execution of his employment and services as an officer or employee of the United States Postal Service.

6)      Factual Basis and Statement of Facts:

The United States and the Defendant, Rolando M. Zbikowski, stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for the Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement.

As relevant to this criminal matter, between April 2019 and October 2019, the Defendant was employed by the United States Postal Service as a sale and service/distribution associate. Between April 2019 and October 2019, the United

Plea Agreement - 4

States Postal Service Office of Inspector General (hereinafter "USPS-OIG") conducted a series of integrity tests concerning the Defendant. In April and August 2019, the USPS-OIG returned money orders to the Defendant as "lost and found" items at the Defendant's place of employment at a United States Post Office in Spokane County, Washington. The Defendant, who was supposed to handle the returned money orders as lost items, instead converted both to his own use, resulting in a total loss to the United States Postal Service of $135. Additionally, when special agents with the USPS-OIG examined the Defendant's trash on various occasions between May and September 2019, mail items belonging to other persons, including S.C. and I.C., were found in the Defendant's trash.

Special agents with the USPS-OIG interviewed the Defendant about his misconduct on October 3, 2019. The Defendant admitted to both having converted the "lost and found" money orders and taking mail items home. The Defendant's various United States Postal Service accounts were audited after the October 3, 2019, interview, and a total shortage of $172.30 was discovered. The Defendant was re-interviewed on October 4, 2019 and admitted to converting the missing funds for personal use.

The Defendant admits that, between April and October 2019, the Defendant was working as an officer or employee of the United States Postal Service. The Defendant further admits that, while working as an officer or employee of the United States Postal Service, the Defendant knowingly and intentionally converted to his own personal use the above monies that had come into his hands as a result of and were under his control in the execution of his employment and services as an officer or employee of the United States Postal Service.

7) <u>The United States Agrees</u>:

a) <u>Dismissal(s)</u>:

At the time of sentencing, the United States agrees to move to dismiss Counts 1, 2, 3, and 4 of the Superseding Indictment against the Defendant.

Plea Agreement - 5

b) <u>No Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8) <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing. The Defendant also understands, however, that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guideline range is advisory and that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a) and to impose a reasonable sentence.

a) <u>Base Offense Level</u>:

The United States and the Defendant agree that the base offense level for Misappropriation of Postal Funds is 6. *See* USSG § 2B1.1(a)(2).

b) <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than March 8, 2022, the United States will recommend that the Defendant receive a two (2) level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a two (2) level downward reduction for acceptance of responsibility if, prior to the imposition of

sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

  c) <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

  9) <u>Departures/Variance</u>:

There are no aggravating or mitigating factors with respect to the correct calculation of the Sentencing Guidelines. The United States and the Defendant agree that they will not seek either an upward or a downward departure from the applicable Guidelines.

  10) <u>Incarceration/Probation</u>:

The United States agrees to recommend that no sentence of imprisonment or probation be imposed. The Defendant is free to recommend any legal sentence.

  11) <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

  12) <u>Supervised Release</u>:

The United States agrees to recommend that no term of supervised release be imposed.

  13) <u>Restitution</u>:

Pursuant to 18 U.S.C. § 3663(a)(3), in exchange for the United States dismissing Counts 1, 2, 3, and 4, and/or agreeing to not bring additional charges, the Defendant expressly and voluntarily agrees to pay restitution to: (1) the United States

Plea Agreement - 7

Postal Service; (2) S.C.; and (3) I.C. The United States and the Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, or individual(s) who provided compensation to any victim(s) with respect to the losses.

With respect to restitution, the United States and the Defendant agree to the following:

a. Restitution Amount and Interest

The United States and the Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663(a)(3) and 3664, the Court should order restitution in an amount to be determined at or before sentencing. The Defendant agrees that, at a minimum, the United States Postal Service, S.C., and I.C. qualify as victims to whom restitution is owed. The United States and the Defendant agree that interest on this restitution amount, if any, should be waived.

b. Payments

To the extent that the Court orders restitution, the United States and the Defendant agree that the Court will set a restitution payment schedule based on his financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, the Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

c. Treasury Offset Program and Collection

The Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of the Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to the Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

The Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds,

wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, 3664(m). Nothing in this acknowledgment shall be construed to limit the Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, the Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, parent, nominee, or third party. Until such time as the fine or restitution order is paid in full, the Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

    d. <u>Notifications and Waivers</u>

The Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

The Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). This obligation ceases when the restitution is paid-in-full.

The Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable. Neither party may withdraw from the Plea Agreement based on the ultimate amount or restitution ordered.

    14) <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $25 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

//

//

Plea Agreement - 9

15) <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged with or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16) <u>Waiver of Right to Direct Appeal and to Collateral Attack under 28 U.S.C. § 2255</u>:

The Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. The Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order. The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by the Defendant and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

If the Defendant believes that the United States has not fulfilled its obligations under this Plea Agreement, the Defendant will object at the time of sentencing; further objections are waived.

17) <u>Waiver of Attorney Fees and Costs</u>:

The Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges

Plea Agreement - 10

in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

18) <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney=s Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____      3-8-2022
Michael J. Ellis                Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those

//

Plea Agreement - 11

contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

*Rolando Zbikowski*             *March 8, 2022*
Rolando M. Zbikowski              Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

*Christina Wong*             *3/8/22*
Christina Wong                Date
Attorney for the Defendant

Plea Agreement - 12